IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Josand Farmer, )
) C/A No. 0:17-2614-TMC
Petitioner, )
)
v. ) **ORDER**
)
Warden Gio Ramirez, )
)
Respondent. )
)

This matter is before the court on Petitioner Josand Farmer's ("Farmer") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending the petition be summarily dismissed. (ECF No. 9). Farmer was advised of his right to file objections to the Report (ECF No. 9 at 5), and he filed timely objections (ECF No. 12). Farmer has also filed a motion to expedite. (ECF No. 15).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear

error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge sets out the procedural history and background and Farmer did not object to that portion of the Report. Briefly, Farmer is currently incarcerated in at the Federal Correctional Institution in Williamsburg, South Carolina. Farmer was convicted of drug convictions in the Eastern District of North Carolina. He alleges his sentence was improperly enhanced by a prior conviction which was dismissed. Farmer filed this habeas action pursuant to § 2241 on September 27, 2017, raising a claim of actual innocence.

The magistrate judge found that Farmer's claim does not satisfy the savings clause of § 2255 because he failed to establish an actual innocence claim. The magistrate judge concluded that Farmer's remedy, if any, is to file for leave to file a successive § 2255 motion with the Fourth Circuit Court of Appeals. In his objections, Farmer argues that the magistrate judge erred in declining to consider his actual innocence claim.

Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to habeas relief provided for under § 2255. The savings clause contained in § 2255(e) allows a federal court to entertain a federal prisoner's § 2241 habeas petition in the limited circumstances where the prisoner demonstrates that the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To invoke the savings clause, a petitioner must establish: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The court agrees with the magistrate judge that Farmer has not shown factual innocence

of his federal convictions. In addressing claims asserted under § 2241 relating to the validity of enhanced sentences, the Fourth Circuit Court of Appeals has repeatedly held that the § 2255 savings clause preserves only claims in which the petitioner alleges actual innocence of a conviction and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also *Rouse v. Wilson*, 584 Fed. App'x 76, 76 (4th Cir. 2014) (noting that the district court properly determined a petitioner could not challenge a career-offender enhancement under § 2241); *Farrow v. Revell*, 541 Fed. Appx. 327, 328–29 (4th Cir. 2013) (finding petitioner's challenge to ACCA sentence enhancement was not cognizable under § 2241 by way of the § 2255 savings clause). In light of these holdings, the court finds that Farmer's challenge to his sentence enhancement is not appropriate for review under § 2241.[1]

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Farmer's objections are without merit and adopts the Report. Accordingly, the petition is **DISMISSED without prejudice**. Further, Farmer's pending motion to expedite (ECF No. 15) is denied as moot.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

---

[1] Framer filed a habeas petition raising similar allegations in the Eastern District of North Carolina, and on July 17, 2017, the court denied that motion. *Farmer v. United States,* No. 5:16-cv-565-FL (E.D. N.C. July 17, 2017). And the Fourth Circuit Court of Appeals recently dismissed Farmer's appeal of that decision. *Farmer v. United States*, 699 Fed. App'x 218 (Oct. 20, 2017). The court notes that in the district court's order, as here, Farmer was advised that he needs to seek authorization to file a successive § 2255 habeas action.

In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

      **IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                        United States District Judge

Anderson, South Carolina
December 12, 2017